# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GORDON TOTH,<br><br>            Plaintiff,<br><br>   v.<br><br>BARSTOW UNIFIED SCHOOL DISTRICT,<br><br>            Defendant | CV 12-02217  TJH (DTBx)<br><br>Findings of Fact<br>and<br>Conclusions of Law |

On July 1, 2014, the Court granted Plaintiff Gordon Toth's ("Toth") motion for partial summary judgment on the issue of liability for all of his claims against the Barstow Unified School District ("BUSD"). The issue of damages was tried by the Court, sitting without a jury. The Court, having considered the evidence and arguments, hereby issues the following Findings of Fact and Conclusions of Law:

. . . . . .

## Findings of Fact

1. Toth was a school psychologist employed by BUSD in the Pupil Personnel Services department from September 1, 1989, until his retirement on June 30, 2011.

2. The Court previously determined that BUSD violated Toth's rights under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, by failing to provide an appropriate accommodation; § 504 of the Rehabilitation Act, 29 U.S.C. § 701, for failing to provide a reasonable accommodation; and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(m) and (n), for failure to engage in the interactive process to determine an effective reasonable accommodation. The Court further determined, *sua sponte*, that BUSD also violated Toth's rights under the FEHA, Cal. Gov't Code §§ 12940(h) and (k), for constructive discharge, discrimination, harassment, and failure to take all reasonable steps to prevent discrimination and harassment. The Court will not restate the facts which led to the finding of liability.

3. When Toth learned that he would no longer have clerical support, he felt anxious and frustrated because he did not know how he would complete his work. Toth eventually became too depressed and anxious to work and, consequently, began to use sick and other leave.

4. Toth had trouble sleeping, and lost interest in his hobbies because of the depression and anxiety. Toth stopped playing golf because of, *inter alia,* his mental and physical ailments, including carpal tunnel syndrome. Toth is not seeking damages in this action for the consequences of his physical ailments.

5. On June 30, 2011, Toth retired to obtain income through his retirement plan as he had exhausted all of his available employment benefits for paid leave.

. . . . . .

6. Toth was no longer eligible for medical benefits from BUSD after he retired. This caused Toth additional emotional distress because his son was insured through Toth's BUSD employee medical benefits.

7. On March 5, 2012, Toth and BUSD settled his workers compensation claims for $70,000.00 pursuant a written settlement agreement and subsequent order approving the settlement by an administrative law judge on California's Workers' Compensation Appeals Board ("Settlement Agreement").

8. The Settlement Agreement stated that "[e]xecution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated."

9. The Settlement Agreement, also, stated that "[t]his Compromise & Release forever resolves all issues with regards [sic] to any injuries applicant sustained or claims to have sustained during his entire employment with Barstow [Unified School District].

10. The Settlement Agreement did not contain a provision, and it was not accompanied by a separate document signed by the parties, that expressed in non-technical language the parties' intent and agreement that the Settlement Agreement specifically released all of Toth's claims against BUSD that were not subject to the exclusivity provisions of the workers' compensation law.

11. The Settlement Agreement did not release BUSD from liability for Toth's claims that were not subject to the exclusivity provisions of the workers' compensation law.

12. Toth's damages and claims in this case are not subject to the exclusivity provisions of the workers' compensation law.

. . . . . .

13. If Toth had not been forced to retire early on June 30, 2011, he intended to retire on August 18, 2014, after twenty five years of employment with BUSD, thereby maximizing his retirement benefits. He, also, intended to work as a part-time consultant after his intended retirement date.

14. Toth is entitled to recover back pay for the time period starting June 30, 2011, the date he was forced to retire, to August 18, 2014, the date he had previously intend to retire.

15. Toth is entitled to a back pay award of $119,048.00, based on lost wages of $282,120.00, plus $1,852.00 in lost future retirement benefits had he not retired until August 18, 2014, minus $164,924.00 in retirement benefits he received for the period from June 30, 2011, until August 18, 2014.

16. Neither party called medical or mental health experts at trial.

17. Neither party provided expert testimony to quantify the extent of Toth's emotional distress suffered as a result of BUSD's actions that led to the liability previously determined by the Court.

18. Toth is entitled to recover $75,000.00 as compensation for his emotional distress caused by BUSD.

19. Toth testified that as a result of his emotional distress caused by BUSD he was unable to establish the consulting business he had intended to start upon his retirement from BUSD.

20. Future income from the consulting business is speculative. Toth has yet to start his consulting business. Toth never solicited or contracted consulting business, never received any income for consultation services, and did not establish his costs of doing business as a consultant. In fact, Toth's own economics expert, Hugo Gutierrez, testified that Toth's consulting business would unlikely yield a profit given the expected costs of overhead, including support staff, combined with the fact

that Toth had no clients. Gutierrez, further, testified that he projected future income for Toth's proposed consulting business based on assumptions provided to him by Toth's counsel, even though he thought the projections were speculative.

21. Toth is not entitled to recover an award for future loss income.

22. Toth did not request damages specific to BUSD's failure to engage in the interactive process.

23. Toth did not request any other compensatory or punitive damages.

24. BUSD employs over 600 people.

25. Any Finding of Fact erroneously categorized as a Conclusion of Law is hereby incorporated into these Findings of Fact.

## Conclusions of Law

1. To settle claims outside of the workers' compensation system when using the standard workers compensation settlement and release form, there must be a separate document reflecting the parties' intent to dismiss all claims outside of the workers compensation agreement. *Claxton v. Waters,* 34 Cal.4th 367, 378, 18 Cal. Rptr. 3d 246, 254, 96 P.3d 496 (2004).

2. The separate document need not identify specific claims, but must express the parties' intent in clear and non-technical language. *Sumner v. Workers' Comp. Appeals Bd.,* 33 Cal.3d 965, 972, 191 Cal. Rptr. 811, 663 P.2d 534 (1983).

3. The prevailing plaintiff on an ADA claim may recover, *inter alia*: (1) Equitable relief (including back pay, lost future income, and injunctive or declamatory relief), 42 U.S.C. §§ 2000e–5(g)(1); and (2) Compensatory and punitive damages. 42 U.S.C. § 1981(a)(2).

4. Back pay is the amount of compensation a prevailing plaintiff would have earned had a violation not occurred, *Local Joint Exec. Bd. of Culinary / Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1157 (9th Cir. 2001), less compensation earned from other employment. *Sangster v. United Air Lines*, Inc., 633 F.2d 864, 868 (9th Cir. 1980).

5. Back pay is an equitable remedy because it is a type of restitution. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S. Ct. 1005, 1009, 39 L. Ed. 2d 260, 268 (1974).

6. Front pay is the award of future lost earnings to make a victim of discrimination whole. *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1347 (9th Cir. 1987).

7. Front pay is an equitable remedy because it is only granted where reinstatement is not appropriate or available. *Traxler v. Multnomah County,* 596 F.3d 1007, 1012-13 (9th Cir. 2010).

8. The ADA caps compensatory damages (including damages for pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses) at amounts determined by the size of the employer. 42 U.S.C. § 1981a (B)(3). For an employer with 600 or more employees, compensatory damages are capped at $300,000.00 in damages. 42 U.S.C. §§ 1981a (b) (D).

9. Back pay and front pay are not "compensatory damages" and, therefore, are not subject to damages caps. *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 847, 121 S. Ct. 1946, 1948-49, 150 L. Ed.2d 62, 71 (2001).

10. The prevailing plaintiff on a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 701, may recover, *inter alia*: (1) Equitable relief (including back pay), 29 U.S.C. § 794a (a)(2); and (2) Compensatory damages. *Mark H. v. Hamamoto,* 620 F.3d 1090, 1097 (9th Cir. 2010).

11. Compensatory damages, under § 504 of the Rehabilitation Act, include

emotional distress damages. *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1204 (11th Cir. 2007).

12. Pursuant to 29 U.S.C. § 794a, the remedies for violations of the ADA and § 504 of the Rehabilitation Act are co-extensive with each other. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 673 (9th Cir. 1998).

13. The prevailing plaintiff on FEHA claims may recover, *inter alia*: (1) Equitable relief (including back pay, front pay, and declaratory and injunctive relief), Cal. Gov't Code § 12965(c); and (2) Punitive and compensatory damages (including emotional distress), *Myers v. Trendwest Resorts, Inc.,* 148 Cal. App. 4th 1403, 1434-35, 56 Cal. Rptr. 3d. 501, 525 (2007).

14. Under California law, back pay specifically includes lost pension benefits. *Ackerman v. Western Elec. Co., Inc.,* 860 F.2d 1514 (9th Cir. 1988).

15. Compensatory damages include damages for emotional distress that are not pecuniarily measurable. *Walnut Creek Manor v. Fair Emp't & Hous. Comm'n.,* 54 Cal. 3d 245, 263, 284 Cal. Rptr. 718, 728 (1991).

16. FEHA does not impose a cap on compensatory damages. Cal. Gov't Code § 12989.2(a).

17. Toth is not entitled to more than a single recovery for each distinct item of compensable damages supported, regardless of the nature or number of legal theories advanced. *See Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.,* 189 F.3d 1017, 1032 (9th Cir. 1999). Similarly, Toth is entitled to one recovery for one loss, regardless of the number of separate federal and state legal theories he advanced. *See Burgess v. Premier Corp.*, 727 F.2d 826, 837 (9th Cir. 1984).

18. Emotional distress includes any "highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, or worry." *Fletcher v. Western Nat'l Life Ins. Co.,* 10 Cal. App. 3d

376, 397, 89 Cal. Rptr. 78, 91 (1970).

19. The law does not set a definite standard by which to calculate emotional distress damages, but does require the exercise of reasonable judgment. *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 957 (9th Cir. 2011).

20. Damages are recoverable only to the extent that they are reasonably certain; speculative damages are not recoverable. *Davis v. Yageo Corp.*, 481 F.3d 661, 684 (9th Cir. 2007).

21. Any conclusion of law erroneously categorized as a finding of fact is hereby incorporated into these Conclusions of Law.

Date: December 8, 2014

_____
Terry J. Hatter, Jr.
Senior United States District Judge