SARAH L. OVERTON (SBN 163810)
MAURICE S. KANE, JR. (SBN 129604)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 700
Riverside, CA 92501
(951) 276-4080
(951) 276-4405 facsimile
soverton@cmda-law.com
mkane@cmda-law.com
Attorneys for Defendant
Barstow Unified School District

EXEMPT PER GOV. CODE 6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON TOTH,<br><br>    Plaintiff,<br><br>v.<br><br>BARSTOW UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | CASE NO. EDCV12-02217-TJH (DTBx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>DATE: January 26, 2015<br>TIME: Under Submission<br>COURTROOM. 17 |

# I.
# INTRODUCTION

Plaintiff is seeking total fees and costs in the sum of $391, 710.15.

# II.
# ARGUMENT
## ATTORNEY FEES MAY BE AWARDED IN AN AMOUNT REASONABLE IN RELATION TO RESULTS OBTAINED UNLIKE THE AMOUNTS SOUGHT IN THE SUBJECT MOTION

The sums sought in Plaintiff's motion for attorneys' fees and costs reflect overstaffing of the prosecution of a solitary public entity defendant, the Barstow Unified School District with three law offices, the Rivers Law Office, the Law Office of Shawna L. Parks and David Geffen generating baseline fees of $296, 785.00 and a 1.2 multiplier for attorneys' fees in the sum of $356, 142.00 and costs for two law offices, the Rivers Law Office and the Law Office of Shawna L. Parks totaling $35, 568.15. Plaintiff seeks $391, 710.15 for total hours billed in excess of 650 hours, which are substantial and dwarf Plaintiff's own recovery by nearly double.

The declarations submitted by the counsel and their friends (Wilmer Harris, Christopher Knauf and Barrett S. Lim in support of high triple-digit billing rates, moreover are higher-than-market rates and fail to reflect the relevant community of litigants and lawyers in Barstow and Victorville, where the allegedly actionable, underlying violations occurred and where Plaintiff and the principal deposition and trial witnesses reside and work.

Of note, with reference to the submitted declarations and as the California Supreme Court stated long ago and as is still true today:

"Attorneys are inclined to place a very high estimate upon the value of their services when rendered in important litigation; and also inclined to look with kindly eyes and sympathetic feelings upon the efforts of brother attorneys when

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-1-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

engaged in establishing before the court the value of services performed… [W]hen upon the witness-stand as experts, they entertain most liberal views as to what should be the amount of a brother attorney's allowance and hold large ideas as to the importance of the litigation in which he has been engaged. It is well, and it is the law, that the court should temper this kind of evidence with its own calm judgment, based upon the amount and kind of labor performed , and to thereupon make its decree". (*Freese v. Pennie* (1895) 110 C. 467, 469)

    The three attorney team's award calculation refers to a Southern California market as the basis for the Lodestar and the "presumptive" reasonableness of their fees but the aforementioned geographical designation disregards the distinctions between communities within the region. On review of the subject motion, High Desert legal professionals' billing rates are not represented in Memorandum of Points and Authorities and in any of the voluminous supporting documentation. The use of a local market in determination of recoverable post-trial attorneys' fees would be more defensible to achieve the appropriate economic level of deterrence operating against a defendant (here, the Barstow Unified School District), which, by necessity and definition, operates in a particular community and interacts with employees, students and other persons in that community. "Reasonable fees" under the pertinent statutory provisions (42 U.S.C. § 12205 (ADA); 29 U.S.C. § 794a (b) (Section 504) ; and California <u>Government Code</u> § 12965 (b) (FEHA) are to be calculated according to the prevailing market rates in the relevant community, and the relevant community is not upscale suburban Santa Monica or Pasadena in the County of Los Angeles but the rural, sparsely-populated towns on the other side of the Cajon Pass between California and Nevada.

///
///
///
///

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-2-

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## III.

## THE NUMBER OF HOURS FOR WHICH PLAINTIFFS SEEK COMPENSATION IS UNREASONABLE GIVEN THE LACK OF A MATERIAL ALTERATION SUFFICIENT TO WARRANT THE REQUESTED REDISTRIBUTION

The results of the two-day bench trial on damages conducted on November 4th and 5th, 2014 show that the "material alteration of the parties' legal relationship" (*P.N. v. Seattle School District No. 1*, 474 F.3d 1165, 1172 (9th Cir. 2007) was not as material or as substantial as Plaintiff's previous pre-trial claims of recoverable damages.

This lack of materiality in alteration is supported by the record. Plaintiff's former supervisor Joni James testified at trial that she assisted in other requests for reasonable accommodation. A former colleague, Dan Cullier, who laterally moved to another school district in the High Desert municipality of Apple Valley, noted that Ms. James was a tough taskmaster and this was an assessment shared by their school psychologist peers. Plaintiff left on stress leave on March 2, 2011 and never returned. Whether one refers to the departure as a "constructive discharge" (the characterization in the operative legal pleadings) or as a sexagenarian manager's retirement from a stressful job ( evidenced by the Resignation Form he submitted), the trial only dealt with him and no larger class of litigants suing BUSD or public goal.

The ground for recovery of fees cannot turn on a mere liability determination that a plaintiff's rights were violated but must be based on some additional way in which the judgment effected a change in civil rights policy. *See Benton v. Oregon Student Assistance Commission*, 421 F.3d 901, 904-908 (9th Cir. 2005) (no public goal served) There will be less money for vital public goals and objectives such as public education for the disadvantaged and dispossessed students and working families relying on programs the Barstow Unified School

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-3-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

District furnishes. Plaintiff's interests are purely personal and divorced from public goals.

The right to a public education in California is a fundamental right fully guaranteed and protected by the California Constitution. "A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the Legislature shall encourage by all suitable means the promotion of intellectual, scientific, moral, and agricultural improvement." Ca. Const., art. IX, § 1. "The Legislature shall provide for a system of common schools by which a free school shall be kept up and supported in each district at least six months in every year, after the first year in which a school has been established." Ca. Const., art. IX, § 5. See *Serrano v. Priest* 5 Cal.3d 584 (1971) See also Education Code §§ 51100-51102.

Courts have also recognized that the resolution of attorney fees may be appropriately deferred "until the litigation is final…[so as to] avoid deciding an issue that may become moot if the government prevails on appeal." *Harmon v. United States*, 101 F. 3d 574, 587 (8th Cir. 1996); see *Poland v. Chertoff*, 494 F.3d 1174, 1187 (9th Cir. 2007) (after judgment was vacated on appeal, plaintiff was not a prevailing party entitled to attorneys' fees); *U.S. ex rel. Walton Tech, Inc. v. Westar Engineering, Inc.*, 290 F.3d 1199, 1202 (9th Cir. 2002) (where judgment was reversed and remanded, district court's award of attorneys' fees was premature)

Plaintiff's settlement conference demands (excluding attorneys' fees and costs), articulated significantly greater sums than Plaintiff was awarded at the conclusion of trial and the disparity of the damages demanded. A more realistic demand might have obviated the additional work performed by the three law offices. In general as well as in the case in chief, the present fee structure over-encourages and over-incentivizes litigation. (Marshall J. Breger, "Compensation

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-4-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Formulas for Court Awarded Attorney Fees, 47 Law and Contemporary Problems 249)

A prevailing party does not automatically receive from the trial court a blank, rubber-stamped check for the fees charged in prosecution of civil rights and employment actions. Fee-shifting statutes such as the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U. S. C. § 1988 and their ilk call for fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys." S. Rep. No. 94-1011, p. 6 (1976)  The present motion requests a windfall to the team of attorneys and that it is not what Congress intended.

This discerning, skeptical perspective to awarding post-trial attorneys' fees is not merely a matter of logic but is supported by precedent. The United States Supreme Court has ruled that counsel is expected to exercise "billing judgment" and that district courts "should exclude from this initial fee calculation hours that were not 'reasonably expended, "including "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)

Given this approach, this Court should follow the approach of district courts across the nation.  Was there a need for the three law firms billing work on a case where the aggrieved school psychologist alleged that only clerical support suited him as an accommodation at his workplace?  Even the results that Plaintiff sought entering the litigation arena to warrant some degree of recovery for his counsel does not mean he should be awarded fees for <u>all</u> hours expended, as the three Plaintiff law firms here seek, but only for hours "*reasonably* expended ." *Hensley*, 461 U.S. at 435.

Three law firms is two too many to begin with. Then the number of hours for which Plaintiff's counsel seeks compensation should not be included in the Lodestar or should be reduced to account for overstaffing and duplicative work by

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-5-

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

multiple counsels. (*Tahara v. Matson Terminals*, 511 F.3d 950, 955 (9th Cir. 2007) (in calculating the number of hours reasonably expended, a district court is to exclude hours that are redundant). It is not enough to argue as Plaintiff impliedly does, that the Court's denial of all the fees demanded would somehow diminish "the vindication of constitutional and statutory rights" (Plaintiff's Motion for Attorneys' Fees and Costs, 5:20-21) (citing *City of Riverside v. Rivera* 477 U,.S. 561, 581 (1986) Attorneys' duplicative or unnecessary work on prosecuting a case is non-compensable. *Serrano v. Priest* (1977) 20 Cal. 3d 25; *Hadley v. Krepel* (1985) 167 Cal. App. 3d 677

Plaintiff has no entitlement to all of the attorneys' fees and costs he demands to recover and it is relevant that Plaintiff overreached in the full amount demanded throughout the litigation, through settlement conferences and the trial itself. Neither the Lodestar method nor the 12-factor analysis of *Kerr v. Screen Extras Guild , Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975) trigger an entitlement to the total sum sought.

As a result of the *Hensley/Copeland* doctrine, lower federal courts have reduced fee awards where there has been duplication of services; failure to pursue settlement prior to filing suit; excessive total time billed considering the lack of difficulty of the case; excessive time billed for particular tasks; *See, e.g., Broyles v. Dir.*, 974 F.2d 508, 510–11 (4th Cir. 1992) (finding several items excessive—e.g., an hour to read a brief opinion and fifteen-minute calls to the clerk of court's office, which handles most inquiries in far less time); *Smith v. Freeman*, 921 F.2d 1120, 1124 (10th Cir. 1990) (upholding reduction of compensable hours for work on fees motion: "neither the factual nor legal issues were especially complex and...[counsel] was thoroughly familiar with the issues"); *Ackerly Communications v. Somerville*, 901 F.2d 170, 173 (disallowing claims for excessive photocopying and computer research); *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988) (38 hours preparing for oral argument "is far too much" in a

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-6-

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

short and simple case; likewise, 108.5 hours preparing fee petitions is "the tail wagging the dog, with a vengeance"); *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 279 (6th Cir. 1983) (holding district court's reduction of hours documented for preparation of plaintiffs' post-trial and reply briefs was not an abuse of discretion).

Unnecessary witness preparation must necessarily be deducted. Here, the Court should disallow moving counsel's claimed recoverable billings for emotional distress as his counsel did not add value to the Plaintiff's presentation of the evidence the United States District Court accepted on several grounds: (a) Plaintiff testified from his own subjective recall and did not require attorney-driven tutelage or training on presenting his feelings about his former supervisor Joni James; (b) counsel for Plaintiff presented no documentary or testimonial evidence from any psychologist, psychiatrist or other mental health professional which addressed any quantitative or qualitative aspects of emotional distress; (c) with separate workers compensation representation, Plaintiff had previously presented oral deposition testimony about his emotional distress in his Workers Compensation Appeals Board case ADJ8049121 proceeding (Claim numbers SCRD-009599 & SCRD-008892); and (d) Plaintiff received $70,000.00 in resolution of that Workers Compensation Appeals Board Case with the sum of $26,760.72 for emotional distress, specifically ear-marked as payable to Plaintiff in trust for self-administered Medicare set-aside.

The Court should further deduct billings dedicated to fees and costs related to the retained expert witnesses, which did not contribute to (a) the Court's determination that the Dragon Naturally Speaks did not serve as a sufficient alternative to the former clerical support assigned to type and edit psycho-educational assessments and other reports for the school psychologists, including Plaintiff, for the purpose of BUSD's obligation to furnish Plaintiff with a reasonable accommodation or (b) the speculative future economic losses that

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-7-

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff sought to recover from BUSD in terms of his lucrative independent consulting business; the Court denied any award for future loss of income and ruled that speculative damages are not recoverable in accordance with damages jurisprudence. *See Davis v. Yageo Corp*, 481 F.3d 661, 684 (9th Cir. 2007). Attorney time spent working on unsuccessful causes of action or claims for relief or for compensation (*i,e*, speculative damages) is non-compensable. *Sokolow v. County of San Mateo* (1989) 213 Cal. App. 3d 231,

In addition, billings reflecting work that relates to overlapping recovery in violation of *Ambassador Hotel Co., Ltd v. Wei-Chuan Inv.*, 189 F.3d 1017, 1032 (9th Cir. 1999) and *Burgess v. Premier Corp.*, 727 F. 2d 826, 837 (9th Cir. 1984) are non-compensable.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs should be denied. The Court should defer an award of fees and costs until after disposition of the case following appeal.

Dated: January 23, 2015    CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES

By: /s/ Maurice S. Kane, Jr.
     Maurice S. Kane, Jr., Esq.
     Attorneys for Defendant
     Barstow Unified School District

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-8-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS