Surisa Rivers (SBN 250868)
Surisa Rivers Law Office
2910 W. Broadway, Suite 100B
Los Angeles, CA 90041
Phone: (323) 312-5320
Fax: (323) 617-3190
riverslawoffice@gmail.com

Shawna Parks (SBN 208301)
Law Office of Shawna L. Parks
4470 W. Sunset Blvd. Ste 107 #347
Los Angeles, CA 90027
sparks@parks-law-office.com
Phone: (323) 389-9239
Fax: (323) 389-9239

Attorneys for Plaintiff, Gordon Toth

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON TOTH, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARSTOW UNIFIED SCHOOL DISTRICT<br><br>　　　　　Defendant. | CASE NO. 5:12-cv-02217 TJH (DTBx)<br><br>PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Date:　　January 26, 2015<br>Time:　　UNDER SUBMISSION<br>　　　　　(No Appearance Necessary, Unless The Court Notifies the Parties)<br>Court:　　17 |

### I. Introduction

Defendant's belated opposition presents no cogent argument for denying the fees and costs requested in this matter. Indeed, Defendant has presented nothing to undermine Plaintiff's evidence and arguments regarding the rates in the relevant market, the reasonableness of the time spent on the matter, or the basis for multiplier sought in this case. As such, Plaintiff requests that the Court grant the motion for fees and costs in its entirety.

### II. Defendants' Opposition Should be Stricken as Extremely Untimely.

Local Rule 7-9 requires the filing of an opposition to a motion no later than twenty-one (21) days prior to the hearing date. For this motion, the deadline for Defendant's opposition was January 5th. Defendant filed its opposition on January 23rd, nearly three weeks late, and the Friday before the noticed hearing date. Had Plaintiff received a request for a modified briefing schedule from Defendant, Plaintiff would have accommodated that request. However, Defendant did not raise any kind of modified schedule either before or after the motion was filed, and provides no explanation in its brief for the substantial delay in filing. As such, Defendant's brief should be stricken as untimely.

To the extent the Court considers Defendant's opposition in ruling on Plaintiff's fee motion, Plaintiff respectfully requests that it consider this reply as well.

### III. Argument

#### A. There is No Need to Delay Resolution of the Fee Motion.

Local Rule 54-10 requires the filing of the motion for attorneys' fees and costs within fourteen (14) days of entry of judgment. This Rule, and the Federal Rule of Civil Procedure it is predicated on, clearly anticipate filing of the fees motion before the deadline for the notice of appeal. Indeed, this abbreviated time period is designed "to assure that the opposing party is informed of the claim before the time for appeal has elapsed." FRCP 54 Adv. Comm. Notes (1993); *see also* Jones, Rosen, *et al.,*

1

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

*Rutter Group Prac. Guide Fed. Civ. Trials & Ev.*, Ch. 19-B, §19:486-87.

Contrary to Defendant's assertion, attorneys' fees can be, and often are resolved prior to appeal. Defendant's cited Ninth Circuit case actually supports this proposition and shows that to the extent the appellate court's rulings affect any entitlement to or amount of fees, those issues may be dealt with on remand. *See Poland v. Chertoff*, 494 F.3d 1174, 1187 (9th Cir. 2007) (vacating order on attorneys' fees below, but instructing that if "the district court determines that [plaintiff] is entitled to any relief on remand, we instruct the district court to reinstate its award of attorneys' fees and costs to [plaintiff].").[1]

### B. The Requested Rates are Reasonable.

Defendant's assertion that there is a "High Desert" market for rates in this case is without merit. As the Ninth Circuit has made clear "[a] district court should calculate th[e] reasonable hourly rate according to the prevailing market rates in the relevant community, *which typically is the community in which the district court sits.*" *Schwarz v. Sec'y of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995) (emphasis added) (internal citations and quotation marks omitted). Here, the Central District spans the better part of Southern California, aside from San Diego and Imperial Counties. This case was filed in the Riverside courthouse, and tried in the downtown Los Angeles courthouse, a situation that is not at all uncommon in the Central District. Thus, the appropriate market is the Central District. The evidence of rates in the District provided by Plaintiff is more than sufficient to support the rates requested in this case.

For example, the *Valentine* case, attached to the Declaration of Shawna L. Parks as exhibits G and H (Order and Motion) demonstrates that the requested rates

---

[1] Further, to the extent Defendant believed that it is appropriate to wait to address attorneys' fees, it should have raised the issue earlier, and certainly before Plaintiff spent time briefing the matter.

2
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

here are reasonable, even for cases based in Riverside. *Valentine* – which was an individual education case based in Riverside and decided nearly five years ago – awarded rates higher than those requested here. For example, Ms. Parks was awarded a rate in that matter of $525, higher than the adjusted rate she is requesting here.[2] The remainder of the evidence submitted by Plaintiff similarly establishes rates that are equal to or higher than those charged by counsel in this case. *See generally* Litt Decl.; Harris Decl.; Knauf Decl.; and Parks Decl. attached fee orders.

In contrast, Defendants present *no* evidence of what they believe are the rates in the "High Desert" legal community, or any other relevant market. Once the fee applicant has proffered evidence of rates in the community, the opposing party must produce its own affidavits or other evidence to rebut the proposed rate. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990). In the absence of opposing evidence, the proposed rates are presumed reasonable. *Id.*

### C. Plaintiff Is Clearly the Prevailing Party in This Matter and Is Entitled to Fees; The Fees in This Matter Are Extremely Reasonable.

Plaintiff's victory on summary judgment and resulting damages award squarely supports an award of fees in this case. Defendant's argument that a finding of liability and damages award of nearly $300,000 does not result in a material alteration between the parties is grounded in neither law nor fact. Defendant's cited case law is inapposite. In *Benton v. Oregon Student Assistance Com'n*, 421 F.3d 901 (9th Cir. 2005), cited by Defendant, the Plaintiff received nominal damages of one dollar, and thus the court looked to additional benefits that may accrue to the public at large as a basis for an award of attorneys' fees. Such an analysis is required when granting fees based on an award of *nominal* damages. *See Wilcox v. City of Reno*, 42 F.3d 550, 555

---

[2] The case was transferred to Judge Collins for determination of attorneys' fees after Judge Larson left the bench.

(9th Cir.1994). Such an analysis is not necessary in this matter in which Plaintiff obtained a judgment of nearly $300,000 in damages, including lost wages, lost retirement benefits and emotional distress.

Further, Defendant's assertion that there was duplicative work performed is without merit. As an initial matter, Defendant has failed to identify a single time entry that it contends is duplicative. Defendant must do more than simply assert that time is duplicative in order to secure a reduction. *See, e.g., Sobel v. Hertz Corp.*, 2014 WL 5063397 at *7 (D.Nev. 2014) (citing *Gates v. Deukmejian,* 987 F.2d 1392, 1397–98 (9th Cir.1992) (party challenging fee motion has burden to produce evidence of duplicative hours).

The billing entries and total hours demonstrate that the division of work here was efficient and necessary. Surisa Rivers billed the vast majority of hours in this matter. Additional lawyers were brought in to help on discrete assignments and billed extremely modest amounts. Indeed, David Geffen billed only 21.7 hours on this matter, and Shawna L. Parks billed only 83.3 hours on the merits portion of this matter, as compared to the 549 hours billed by Ms. Rivers (including 27.7 hours billed by Ms. Rivers while at Mr. Geffen's firm). *See* Parks Decl. Exhs. C & I (Parks and Geffen time respectively); and Rivers Decl. Exh. 2 (Rivers time). Thus, there is no unreasonable duplication on this case.

Finally, Defendant's assertion that counsel should not be compensated for time spent preparing the plaintiff to testify at trial is without precedent, and has no basis in law. Similarly, Defendant's argument as to time spent preparing expert witness testimony and reports, ignores the extent to which the Court relied on such testimony in its rulings on this matter.

### D. Fees for Work on the Fee Motion.

At the time of the initial filing, the fees for time spent on the fee motion were $9,350.00. Since that time counsel has spent an additional 4.1 hours at $500 per hour

4

reviewing Defendant's opposition and preparing this reply, for an additional $2,050. Thus, Plaintiff requests a total of $11,400 for work on the fees motion.

### III.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests an award of attorneys' fees in the amount of $356,142.00, which includes a 1.2 multiplier; his requested costs[3]; and fees for time spent to date on the fee motion.

DATED:  January 27, 2015            LAW OFFICE OF SHAWNA L. PARKS

By_____
Shawna L. Parks
Attorneys for Plaintiff Gordon Toth

---

[3] On January 23, 2015 the Clerk issued an order taxing costs in this case in the amount of $5,362.07. *See* Dckt. No. 109. However, Plaintiff would still request that the Court rule on his entitlement to those costs under the statutes that form the basis for this motion. Plaintiff, of course, seeks to recover those costs only once, and thus would expect the amount of those costs to be deducted from the total cost amount in this motion since they have already been separately awarded.

5
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS